**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **RICHARD W. PORTER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | **NO. 24-40076-DHH** |
| ) | |
| **MCDERMOTT FAMILY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**REPORT AND RECOMMENDATION**

**July 24, 2024**

**Hennessy, M.J.**

 *Pro se* Plaintiff Richard W. Porter, Jr. brings this action against the McDermott Family, James McDermott, and the City of Framingham. Plaintiff is confined at the Worcester Recovery Center and Hospital ("WRCH") pursuant to a commitment order. For the reasons stated below, the Court RECOMMENDS that this action be DISMISSED as frivolous.

**I. Factual Background**

 Porter alleges that on August 12, 2022, Herbert A. Harrison, not party to this suit, sold an unspecified property to the McDermott family for $1,000,000. Dkt. No. 1. Porter claims that the property rightfully belonged to him and that he possessed a recorded deed to the property at the time of the sale. *Id.* Porter claims that the residence on the property is "state controlled," so, after the property was sold to the McDermotts, he filed a verbal complaint with the city of Framingham; after complaining to the City, Porter alleges the City put a lien on the property on

December 27, 2022.  *Id.*  Porter seeks $1,300,000 as damages for the alleged wrongful sale and violations of his rights under federal and state homestead laws.  *Id.*

The instant case is the most recent in a string of similar cases filed by Porter.  Porter has frequently and fruitlessly challenged the rightful ownership of property located in Massachusetts and New Hampshire.  *See, e.g.*, *Porter v. St Onge et al.*, C.A. No. 23-40149-MRG; *Axcella Building Realty Trust et al. v. Thompson*, C.A. No. 23-40151-MRG; *Porter v. City of Framingham et al.*, 24-40007-MRG.  The Court dismissed these actions after an initial screening because they were frivolous and, in cases involving property in New Hampshire, lacked proper venue.  Porter has also brought several cases challenging his confinement at WRCH.  *See, e.g.*, *Porter v. Commonwealth*, C.A. 22-40101-ADB; *Porter v. Commonwealth*, C.A. No. 23-40084-MRG; *Porter v. Malden Dist. Ct.*, C.A. No. 23-40086-TSH; *Porter v. Commonwealth*, C.A. No. 23-40114-TSH; *Porter v. Wakefield Police*, C.A. No. 23-40130-MRG; *Porter v. CPCS*, C.A. No. 23-40146-MRG; *Porter v. Frommer*, C.A. No. 23-40153-MRG.  These cases were dismissed because they failed to comply with the proper procedure for writs of habeas corpus.

In total, Porter has brought over thirty actions in this Court in the last ten months. Every case was dismissed on an initial screening.  He has also filed numerous motions in cases that had already been closed.  Further, after dismissal of his bankruptcy action in the Bankruptcy Court of the District of Massachusetts, Plaintiff filed documents in the closed action in which he sought eviction of individuals living in New Hampshire properties which he claimed to own.  *See In re Porter*, Bankr. No. 17-10977 (Bankr. D. Mass.) (Dkt. No. 19).

Because of these recurring, repetitive, and frivolous filings, the Court issued a warning to Porter.  On March 6, 2024, Porter was warned that his attempts to bring "extraordinary

claims that people are occupying property he allegedly owns" are frivolous and continued filing of such claims could result in sanctions.  *See, e.g.*, *Porter v. D + C Revocable Trust*, C.A. No. 23-40170-MRG (Dkt. No. 7).  Additionally, Porter has been ordered to show good cause by June 6, 2024, as to why he should not be prohibited from filing new actions in this Court without first receiving permission to do so.  *See Porter v. Malden Dist. Ct.*, C.A. No. 24-40048-MRG (Dkt. No. 3).  Finally, Porter has been warned that filing documents in closed cases on the theory that his filing is an appeal (when no appeal has been taken) may result in sanctions. *See Porter v. Wakefield Police*, C.A. No. 23-40130-MRG (Dkt. No. 27).

## II.    Discussion

Porter's activity in the instant action indicates that Porter has not heeded the Court's warnings.  Porter has not attempted to substantiate his claims that people are wrongfully occupying property that rightfully belongs to him, nor has Porter provided any evidence of his current ownership over these properties.  The Court has spent sufficient time and resources explaining to Porter why such claims are frivolous and should be dismissed.  Nevertheless, as Porter is not currently facing an injunction against filing such claims, the Court's reasons for recommending dismissal are set forth below.

A federal district court has inherent power to dismiss a frivolous action.  *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Budnick v. Doe*, No. 14-1560, 2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)).  As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff.  Rather, in legal parlance, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).  The Court is permitted to dismiss a case *sua sponte* without affording a plaintiff leave to amend his complaint when it is "crystal clear" that the plaintiff cannot prevail on the stated claims and any amendment would be futile.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001).

The Court concludes that the Complaint in this action, especially when viewed in the context of Porter's litigation history, lacks an arguable basis in fact.  Nothing in the handwritten, bare bones Complaint asserts a factual basis for Porter's claims.  In fact, the Complaint makes little sense.  Porter fails to explain how Mr. Harrison came to possess the property in question or how Porter could state a current claim of ownership over the property.  To the contrary, allegations of ownership are belied by a motion filed by Porter in a different action, wherein Porter attests that he does not own any real estate or financial instrument of value.  *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-41079-DHH (Dkt. No. 4).[1]  Nor does Porter attempt to differentiate this action from a nearly identical case which was filed and dismissed earlier this year.  *See Porter v. McDermott Family, et al.*, C.A. No. 24-40013-MRG (Dkt. No. 1).  Most notably, Porter fails to identify the relevant property at all.  The Court cannot adjudicate claims regarding unspecified properties.  Plaintiff's claims clearly lack a factual basis.

Furthermore, allowing Plaintiff to amend his complaint would be futile.  Plaintiff has routinely asked this Court, the state of New Hampshire, and the District of Massachusetts's Bankruptcy Court to adjudicate claims of wrongfully occupied property without providing any proof that he rightfully owns the property.  And, as noted, in an application to proceed *in forma pauperis* filed in another action, Plaintiff avers he owns no assets, including real property.  *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-41079-DHH (Dkt. No. 4).  The Court

---

[1] The Court takes judicial notice of documents Porter has filed in other proceedings.  *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

is mindful that a *sua sponte* dismissal without leave to amend is "strong medicine." *Gonzalez-Gonzalez*, 257 F.3d at 33. However, Plaintiff filings and litigation history in Massachusetts and New Hampshire strongly suggest his lawsuits are lacking a legal and factual basis.

Thus, the Court recommends this action be dismissed as frivolous and Plaintiff be denied leave to amend his Complaint as doing so would be futile.

### IV.    Conclusion

For the reasons set forth above, the Court RECOMMENDS that the action be DISMISSED as frivolous.[2]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[2] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).